UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLENDA GLOVER,
                      Plaintiff,

   -vs-

                                                 DECISION AND ORDER
                                                 No. 05-CV-6124 (CJS)

TRACY WYNELL JONES, d/b/a
TW JONES DEVELOPMENT,
and MARVIN K. MAYE,
                      Defendants.
_____

APPEARANCES

For Plaintiff:                 Christina A. Agola, Esq.
                               Melvin Bressler, Esq., of Counsel
                               700 First Federal Plaza
                               28 East Main Street
                               Rochester, New York 14614

For Defendant Tracy
Wynell Jones d/b/a TW
Jones Development:       Sharon P. Stiller, Esq.
                               Jaeckle Fleischmann & Mugel, LLP
                               190 Linden Oaks
                               Rochester, New York 14625

For defendant Marvin
K. Maye:                    Robert M. Shaddock, Esq.
                               Hiscock & Barclay LLP
                               2000 HSBC Plaza
                               100 Chestnut Street
                               Rochester, New York 14604

INTRODUCTION

    This is an action pursuant to the Fair Housing Act of 1968 ("FHA") as amended,

42 U.S.C. § 3601 *et seq.*, and the New York Human Rights Law ("NYHRL"), Executive

1

Law § 290 *et seq.*  Now before the Court are the following motions: 1) defendant Maye's motion [#33] for re-argument or clarification of the Court's Decision and Order [#32] filed on November 3, 2006; and 2) defendant Jones's motion [#35] for reconsideration of that Decision and Order.  For the reasons that follow, the applications are granted in part and denied in part.

## BACKGROUND

The facts of this case were set forth in detail in the Court's prior Decision and Order, and need not be repeated in their entirety.  It is sufficient to note the following facts.  Plaintiff alleged in her complaint, *inter alia*, that defendants discriminated against her on the basis of her sex, by creating a hostile environment over a period of years, and by committing quid pro quo harassment.  Plaintiff alleged, for example, that defendants evicted her from her apartment because she refused the sexual advances of defendant Marvin Maye.  Plaintiff also alleged in her complaint, however, that defendants obtained a judgment of eviction against her based upon her non-payment of rent.  The Answers filed by defendants in this action did not plead the affirmative defenses of collateral estoppel or statute of limitations.  A Scheduling Order issued by the Honorable Jonathan W. Feldman, United States Magistrate Judge, on August 16, 2005, directed, *inter alia*, that "all motions to join other parties and to amend the pleadings" be filed by September 30, 2005, and that all factual discovery be completed by March 13, 2006.  The Scheduling Order further stated: "No extension of the above cutoff dates will be granted except upon written application, <u>made prior to the cutoff date</u>, showing good cause for the extension." (Emphasis in original).  Defendants never moved to amend their pleadings prior to September 30, 2005.

Judge Feldman later extended the discovery deadline to May 15, 2006, and directed that all dispositive motions be filed by August 9, 2006. (*See*, Amended Scheduling Order [#11]).  Judge Feldman subsequently issued a Second Amended Scheduling Order [#12] on May 5, 2006, in which he further extended the deadline for discovery to July 17, 2006, and the deadline for dispositive motions to October 10, 2006.  However, Judge Feldman never extended the deadline for filing motions to amend the pleadings, nor did the parties ever request such an extension.

New counsel appeared for defendant Jones on June 20, 2006, and for defendant Mayes on June 23, 2006.  Defendants subsequently filed dispositive motions based, in part, on the affirmative defenses of collateral estoppel and statute of limitations.  As part of those applications, defendants sought permission to amend their pleadings to include those affirmative defenses.  However, this Court denied the applications, explaining:

> [Defendants] contend that they have demonstrated good cause for seeking amendment of their answers beyond the deadline imposed by Judge Feldman, since new counsel was only recently retained.  While the Court is sympathetic to new counsel in this regard, they are bound by the actions of their predecessor.  To hold otherwise would be to allow a party to manufacture "good cause" at any time simply by switching counsel.  Though there is absolutely no suggestion of that occurring here, defendants' motions are denied.

(Decision and Order [#32], p. 9).  The Court further stated that,

> Affirmative defenses are generally waived if not pled as required by Rule 8(c). *See, National Market Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520, 526 (2d Cir. 2004) ("If an affirmative defense is neither pled nor tried with the parties' consent, the defense is usually waived.") Consequently, to the extent that defendants are relying on the affirmative defenses of collateral estoppel and statute of limitations, those appear to have been waived.

(*Id.*, p. 14, n. 5).

Defendants subsequently filed the subject applications, and in that regard, they essentially make two arguments. First, defendants contend that they should be permitted to assert the affirmative defense of collateral estoppel. In this regard, defendants argue that plaintiff should be collaterally estopped from attempting to prove that her eviction was discriminatory, since the court which granted the judgment of eviction against her did so because of her failure to pay rent. Defendants further contend that plaintiff would not be prejudiced by such an amendment, since her complaint refers to the eviction proceeding. Second, defendants contend that they should be permitted to amend their answers to assert the statute of limitations defense, since they only became aware of a factual basis for the defense as a result of deposing plaintiff on March 27, 2006. Plaintiff opposes the applications. (*See*, Bressler Aff. [#36]).

ANALYSIS

The Court construes defendants' motions as being made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. It is well settled that when making such a motion,

> the moving party must show that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion. *Nakano v. Jamie Sadock, Inc.*, No. 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000); *Walsh v. McGee*, 918 F.Supp. 107, 110 (S.D.N.Y.1996). However, in addition, "[a] court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *See Nnebe v. Daus*, No. 06 Civ. 4991, 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006). New evidence, for these purposes, must be evidence that "could not have been found by due diligence." *Word v. Croce*, No. 01 Civ. 9614, 2004 WL 434038, at *4 (S.D.N.Y. March 9, 2004).

> These rules are "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *See Walsh*, 918 F.Supp. at 110. Strict application of these rules also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Polar Int'l Brokerage Corp. v. Reeve*, 120 F.Supp.2d 267, 268-69 (S.D.N.Y. 2000). The moving party may not use a motion for reconsideration to advance new facts, arguments, or theories that were available but not previously presented to the Court. *See Graham v. Sullivan*, No. 86 Civ. 163, 2002 WL 31175181, at *2 (S.D.N.Y. Sept. 23, 2002); *Leonard v. Lowe's Home Ctrs., Inc.*, No. 00 Civ. 9585, at *2 (S.D.N.Y. April 12, 2002).

*U.S. v. Billini*, No. 99 CR. 156(JGK), 2006 WL 3457834 at *1 (S.D.N.Y. Nov. 22, 2006). A district court's decision to deny a motion under Rule 59(e) is reviewed on appeal for abuse of discretion. *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

Applying these principles of law to the instant case, the Court finds, first, that there is no reason to disturb the Court's ruling insofar as it denied defendants' request to amend their answers to plead the collateral estoppel defense. Defendants, as discussed above, suggest that there is no prejudice to plaintiff, since the eviction is mentioned in her complaint. However, defendants still have not shown good cause for failing to seek to amend their answers prior to the deadline imposed by Judge Feldman in his Scheduling Order. Consequently, defendants' motion for reconsideration of this portion of the prior Decision and Order is denied.

However, the Court does not believe that this ruling necessarily bars defendants from raising the collateral estoppel defense when they renew their summary judgment motions in accordance with the Court's previous ruling. The Court, as previously mentioned, stated in footnote 5 of the prior Decision and Order that it "appeared" that

the collateral estoppel defense was waived because it had not been pled as required by Rule 8(c). However, further research by the Court leads to the Court to conclude that defendants may raise the collateral estoppel affirmative defense on summary judgment even though it was not pled. In *Curry v. City of Syracuse*, 316 F.3d 324 (2nd Cir. 2003), the Second Circuit held that a defendant was not barred from raising the collateral estoppel defense for the first time on a motion for summary judgment, explaining:

> Under Fed.R.Civ.P. 8(c), collateral estoppel, like res judicata, is an affirmative defense. As such, it normally must be pled in a timely manner or it may be waived. *See, e.g., Pangburn v. Culbertson*, 200 F.3d 65, 68 n. 1 (2d Cir.1999). However, we have previously upheld a district court's dismissal of a case on collateral estoppel grounds even where collateral estoppel was not raised as an affirmative defense in the answer, but was raised by the district court *sua sponte*, without permitting the party against which it was asserted an opportunity to argue the issue. *See Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir.1998) ("Although the district court raised the issue of collateral estoppel *sua sponte*, this decision does not require reversal."). In so doing, we relied on "the strong public policy in economizing the use of judicial resources by avoiding relitigation." *Id*.
>
> The Supreme Court has stated that the purpose of requiring collateral estoppel to be pled as an affirmative defense "is to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate." *Blonder-Tongue Labs. v. Univ. Of Ill. Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Here, [defendant] raised the defense of collateral estoppel in the reply memorandum filed in response to [plaintiff's] opposition to the motion for summary judgment. [Plaintiff] was given leave, and additional time, to file a sur-reply, in which [he] opposed the application of collateral estoppel . . . . Thus, if the primary purpose of requiring collateral estoppel to be pled as an affirmative defense is providing notice and an opportunity to respond, that purpose was served in the instant case. In light of our decision in *Pfrommer*, and in light of the fact that [plaintiff] was not prejudiced by [defendant's] failure to plead collateral estoppel in his answer, we hold that it was permissible for the district court to consider the collateral estoppel effect of the [the prior adjudication] on this case.

*Id*. at 330 -331. Here, plaintiff obviously has had notice of the potential collateral

6

estoppel defense for some time now, and will have an opportunity to respond to the merits of the defense if and when defendants renew their summary judgment motions. Moreover, while plaintiff contends that she would be prejudiced if defendants were permitted to raise the defense (*See, e.g.*, Pl. Memo of Law [#28] pp. 21-23), it does not appear that she would be any more prejudiced than the plaintiff in the *Curry* case. Consequently, the Court believes that *Curry* would permit defendants to raise the collateral estoppel defense in a subsequent summary judgment motion, notwithstanding the fact that the defense was not pled in defendants' answers.

Turning now to the second aspect of defendants' motions for reconsideration, the Court is persuaded that defendants have shown good cause for amending their answers to include the statute of limitations defense. On this point, defendants contend that they had no good faith basis to move to amend their answers until they deposed plaintiff on March 27, 2006, which was after the deadline for amending the pleadings had expired. Although defendants raised this argument briefly in their original motion papers, the point was expressed more clearly in the instant applications. Accordingly, upon reconsideration, the Court will permit defendants to amend their answers to include the statute of limitations defense.

## CONCLUSION

Defendants' applications for reconsideration [#33] [#35] are granted in part and denied in part. The applications are granted to the extent that the Court will permit defendants to amend their answers to include the affirmative defense of statute of limitations. Defendants applications are otherwise denied. However, for the reasons discussed above, the Court holds that defendants may also, even in the absence of

7

amendment, raise the collateral estoppel defense if and when they renew their dispositive motions, after plaintiff has had an opportunity to conduct additional discovery, in accordance with the Court's prior Decision and Order [#32].

So Ordered.

Dated: Rochester, New York
January 5, 2007                    ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge